

# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 2011-CC01109 |
|---|---|
| Plaintiff/Petitioner:<br>ASHLEY GONZALES<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RYAN P SCHELLERT<br>3930 OLD HWY 94 SOUTH, STE 108<br>SAINT CHARLES, MO  63304 |
| Defendant/Respondent:<br>O'FALLON CASTING COMPANY | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **O'FALLON CASTING COMPANY**
Alias:

R/A SUSAN BOYLE
600 CANNONBALL LANE
O'FALLON, MO  63366

COURT SEAL OF ST. CHARLES COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____11/23/2020_____          _____/S/ Cheryl Crowder_____
Date                                               Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____          _____
                                    Date                         Notary Public

**Sheriff's Fees, if applicable**
Summons                                        $_____
Non Est                                          $_____
Sheriff's Deputy Salary
Supplemental Surcharge            $____10.00____
Mileage                                          $_____ (_____ miles @ $._____ per mile)
**Total**                                         $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI
CIRCUIT JUDGE DIVISION

| | |
|---|---|
| ASHLEY GONZALEZ | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Cause No.:<br>)<br>) Division No.: |
| O'FALLON CASTING, LLC | )<br>) |
| Serve:<br>Registered Agent<br>Susan Boyle<br>600 Cannonball Lane<br>O'Fallon, MO 63366 | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Ashley Gonzalez, by and through her undersigned attorney, and for her Petition for Damages, states the following:

### NATURE OF THE ACTION

1. Count I of this Petition is authorized and instituted under 42 U.S.C. § 2000e, *et seq.*, of Title VII of the Civil Rights Act of 1964, as amended. Count II of this Petition is authorized and instituted under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. Count III of this Petition for Workers' Compensation Retaliation is authorized and instituted under The Workers' Compensation Law (WCL), Section 287.010 RSMo. et seq., and more particularly Section 287.780 RSMo.

### THE PARTIES

2. Plaintiff, Ashley Gonzalez is an individual who is and was at all times herein after mentioned, a resident of the State of Missouri.

1

3. Defendant O'Fallon Casting, LLC is a domestic limited liability company that at all relevant times herein conducted business within St. Charles County, Missouri.

### VENUE AND JURISDICTION

4. Venue is proper pursuant to §508.010 RSMo because a substantial part of the events giving rise to this cause of action occurred in St. Charles County, Missouri.

5. Personal jurisdiction and venue are proper because the events described in this Petition occurred in St. Charles County, Missouri.

6. Plaintiff timely filed a charge of discrimination on or about November 26, 2019 with the EEOC, Charge number 560-2020-00552.

7. Plaintiff was issued a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission on or about August 24, 2020.

### FACTS COMMON TO ALL COUNTS

8. Plaintiff started working at O'Fallon Casting, LLC on or about June 11, 2018.

9. Plaintiff was hired as an Assembler.

10. Plaintiff's supervisor was Gabbie Clowers.

11. On or about August 2018, Plaintiff's right hand started hurting in the middle of the hand.

12. Plaintiff was on unpaid time off due to a broken foot from October 15, 2018 through December 4, 2018.

13. Plaintiff was able to return December 4, 2018 without any restrictions.

14. When Plaintiff returned to work December 4 the pain in Plaintiff's hand continued.

15. Throughout Plaintiff's employment with Defendant the pain got stronger the more she worked.

16. It started with pinching sensation and progressed to where the hand would lock up.

17. Plaintiff told Kevin Dugan who worked in Human Resources for the Defendant that her hand was hurting.

18. Kevin Dugan told Plaintiff she had to tell Rob Mondy, who was the Safety Coordinator for the Defendant, about any work comp injuries and that he dealt with it.

19. Plaintiff told Rob Mondy and Kevin Dugan in a meeting on January 30, 2019 about her pain and how it happened and that her tips of her finger was tingling and the center of her hand had a sharp feeling.

20. Rob Mondy sent Plaintiff an email on January 31, 2019 regarding Plaintiff's doctors appointment the following Monday, February 4, 2019 with Dr. David Brown, the doctor the company wanted Plaintiff to see.

21. On or about January 31, 2019 Plaintiff saw her primary doctor regarding her hand and her pregnancy.

22. On Monday, February 4, 2019 Plaintiff saw the Defendant's doctor, Dr. Brown regarding her hand.

23. After Plaintiff's appointment, she went back home.

24. Plaintiff called Kevin Dugan at work to inform him that Plaintiff's hand was so swollen that Plaintiff was unable to work that day.

25. Kevin Dugan told Plaintiff that it didn't matter because there was no work comp excuse from the doctor and that Plaintiff had to work that day.

3

26. Plaintiff had been trying to call her primary doctor to see about getting a medical excuse from work.

27. Plaintiff informed Kevin Dugan of her condition and attempts to get a medical excuse.

28. Plaintiff then drove into work.

29. When Plaintiff was at work her hand was so swollen that she was unable to work without any accommodations.

30. Plaintiff showed her supervisor Gabbie Clowers and Kevin Dugan her swollen hand.

31. Kevin Dugan told Plaintiff that the Defendant wouldn't do anything about it because the Defendant hadn't gotten anything from work comp.

32. At some point after Plaintiff went back to the line, Plaintiff's primary doctor called her phone.

33. Plaintiff went to the bathroom to answer the phone call.

34. When Plaintiff answered it, her primary doctor and Plaintiff discussed Plaintiff's situation and her hand.

35. During this phone call, Gabbie Clowers walked into the bathroom.

36. Plaintiff told her Plaintiff was on the phone with Plaintiff's doctor regarding getting my medical excuse paperwork.

37. Gabbie Clowers was yelling at Plaintiff and told Plaintiff to get back to work.

38. While on the phone, Plaintiff went to Kevin Dugan's office to get his fax number so Plaintiff's doctor could send over her medical excuse paperwork.

39. The doctor's office sent it over and Plaintiff clocked out and went home.

40. On Friday, February 8, 2019 Plaintiff received a phone call from Missouri Employers Mutual that her work comp claim had been denied.

41. Plaintiff then received an email from them regarding the same.

42. Shortly thereafter, Plaintiff received a call from Kevin Dugan that Plaintiff was terminated on February 8, 2019.

43. Throughout Plaintiff's employment, Plaintiff's supervisor Gabbie Clowers made comments about her pregnancy and that other people had been pregnant without problems.

44. When Plaintiff had to leave for her appointments Gabbie Clowers would be upset or Plaintiff would hear from others that Gabbie Clowers had been upset Plaintiff had to leave.

45. Plaintiff saw her primary doctor on a consistent basis from September 2018 to her date of termination due to her pregnancy and also her hand.

## COUNT I – VIOLATIONS UNDER TITLE VII OF 42 U.S.C SECTION 2000E OF THE CIVIL RIGHTS ACT OF 1964 ]

46. Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

47. The Defendant is an employer as defined by 42 U.S.C. § 2000e.

48. Plaintiff is a member of the class of people intended to be protected under 42 U.S.C. § 2000e, *et seq.*, of Title VII of the Civil Rights Act of 1964, as amended.

49. Defendant intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 2000e, *et seq.*, of Title VII of the Civil Rights Act of 1964, as amended, by practices including but not limited to the following:

    a. the Defendant has harassed and discriminated against Plaintiff because of her sex and/or pregnancy;

    b. Male employees being treated more favorable than the Plaintiff by the Defendant in regards to job duties and benefits;

    c. Non-pregnant employees being treated more favorable than the Plaintiff by the Defendant in regards to job duties and benefits

    d. Terminating Plaintiff due to her being pregnant and/or her sex.

50. The actions of Defendant were motivated by Plaintiff's sex and/or pregnancy.

51. As a direct and proximate result of these unlawful employment practices, Plaintiff have suffered losses of wages, benefits, experience, and career advancement and also have suffered mental anguish and humiliation and incurred attorney fees.

52. Because of these damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(g).

**WHEREFORE**, the Plaintiff prays this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant has violated the rights of the Plaintiff as set forth above:

    a. That a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of discrimination, harassment and retaliation, including back pay from the time of the unlawful discrimination with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, liquidated damages, statutory penalties, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the

effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excessive of $25,000.00;

b.  That the Court enter a permanent injunction enjoining Defendant (as well as their officers, agents, and employees) from the violative conduct described herein;

c   Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred;

d.  Grant such additional and affirmative relief as the Court may deem just and proper.

### COUNT II -- VIOLATIONS UNDER TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990 – 42 U.S.C. 12101

53. Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

54. Plaintiff is disabled as defined under the Americans with Disabilities Act of 1990 due to her hand injuries and/or her hand impairments related to her pregnancy.

55. The Plaintiff's disabilities inhibit major life activities including working.

56. The Plaintiff is a member of the class of people intended to be protected by the the Americans with Disabilities Act of 1990, as amended.

57. At all relevant times herein, the Defendant was an employer as defined by the Americans with Disabilities Act of 1990, as amended.

58. Plaintiff requested reasonable accommodations from the Defendant for her condition.

59. It was otherwise clear that the Plaintiff might need accommodation.

60. The Defendant failed to provide reasonable accommodations that would enable the Plaintiff to perform the essential functions of her job.

7

61. The Defendant retaliated against Plaintiff for seeking an accommodation.

62. Defendant intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 12101, *et seq.*, of Title I of the Americans with Disabilities Act of 1990, as amended, by practices including but not limited to the following:

    a. Treating Plaintiff differently than similarly situated individuals because of her disability and/or perceived disability;

    b. Refusing to grant Plaintiff a reasonable accommodation of continuing to perform her job with her hand injury/impairment;

    c. Terminating Plaintiff's employment because of her disability and/or perceived disability;

63. As a direct and proximate result of these unlawful employment practices, Plaintiff has suffered losses of wages, benefits, experience, and career advancement, incurred attorney fees and also have suffered mental anguish and humiliation.

64. Because of these damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.*

**WHEREFORE**, Plaintiff prays this honorable court enter Judgment against the Defendant and in favor of the Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $25,000.00, for nominal damages in the event no actual damages are found, for back pay, front pay, for lost benefits, for punitive damages, for interest, for his costs and attorney's fees, for damages for past and future mental anguish, inconvenience,

loss quality of life, and pain and suffering and for such other and further relief as the Court deems just and proper.

### COUNT III -- VIOLATIONS OF THE WORKERS' COMPENSATION LAW

65. Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

66. This count is authorized and instituted under The Workers' Compensation Law (WCL), Section 287.010 RSMo. *et seq.*, and more particularly Section 287.780 RSMo.

67. Plaintiff was an employee of the Defendant at all times described herein.

68. Section 287.780 RSMo. states "No employer or agent shall discharge or discriminate against any employee for exercising any of his or her rights under this chapter when the exercising of such rights is the motivating factor in the discharge or discrimination. Any employee who has been discharged or discriminated against in such manner shall have a civil action for damages against his or her employer.."

69. Plaintiff exercised and/or attempted to exercise her rights under Chapter 287 of the Missouri Revised Statutes.

70. Defendant discriminated against and/or discharged the Plaintiff including but not limited to:

   a. Discouraging and/or preventing her from exercising his rights under The Workers' Compensation Law (WCL), Chapter 287 of the Missouri Revised Statutes;

   b. Harassed and discriminated against Plaintiff because of her hand injury;

   c. Terminating Plaintiff from employment.

71.     Defendant's discrimination and/or discharge of the Plaintiff were a direct result of Plaintiff's exercising or attempting to exercise his rights under Chapter 287 of the Missouri Revised Statutes.

72.     Defendant had no legitimate reason for engaging in said discrimination and/or discharge.

73.     Plaintiff's exercising or attempt to exercise her rights under Chapter 287 of the Missouri Revised Statutes was the motivating factor and had a determinative influence on the Defendant's discrimination and/or discharged against Plaintiff.

74.     The Defendant's conduct was outrageous because of the Defendant's evil motive and reckless indifference to the Plaintiff's rights.

75.     As a direct and proximate result of the Defendant's unlawful employment practices, Plaintiff has suffered loss of wages, benefits, experience, and career advancement, as well as suffered mental anguish and humiliation.

**WHEREFORE**, Plaintiff prays the court award Judgment against the Defendant in an amount to be determined at trial but in excess of $25,000.00, for punitive damages in an amount to be determined at trial, for her costs, and for such other and further relief as the court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Ryan Schellert*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| **Judge or Division:** JON A. CUNNINGHAM | **Case Number:** 2011-CC01109 |
| **Plaintiff/Petitioner:** ASHLEY GONZALES vs. | **Plaintiff's/Petitioner's Attorney/Address** RYAN P SCHELLERT<br>3930 OLD HWY 94 SOUTH, STE 108<br>SAINT CHARLES, MO 63304 |
| **Defendant/Respondent:** O'FALLON CASTING COMPANY | **Court Address:** 300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| **Nature of Suit:** CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: O'FALLON CASTING COMPANY
Alias:

R/A SUSAN BOYLE
600 CANNONBALL LANE
O'FALLON, MO 63366

COURT SEAL OF
ST. CHARLES COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____11/23/2020_____   _____/S/ Cheryl Crowder_____
Date                                            Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
[X] delivering a copy of the summons and a copy of the petition to the defendant/respondent.
[ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
[ ] (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
[ ] other: _____.

Served at _____ (address)
in  St. Charles  (County/City of St. Louis), MO, on  12-2-20  (date) at _____ (time).

Wayne Polette                                    /s/ Wayne Polette
Printed Name of Sheriff or Server         Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on  12-2-20  (date).

(Seal) AMANDA L. MILLER
Notary Public – Notary Seal
St Charles County – State of Missouri
Commission Number 13534807
My Commission Expires Oct 6, 2021

My commission expires:  Oct 06 2021
                                      Date                      Notary Public

Sheriff's Fees, if applicable
| | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-2129     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Charles Circuit Div - December 02, 2020 - 04:22 PM

 

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print    GrantedPublicAccess  Logoff EAJOHNSON_HDFH

**2011-CC01109 - ASHLEY GONZALES V O FALLON CASTING LLC (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending    Display Options: All Entries

---

**12/02/2020** ☐ **Return Service - Other**
Document ID - 20-SMCC-2129; Served To - O'FALLON CASTING COMPANY; Server - WAYNE POLETTE BONDING; Served Date - 02-DEC-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Notice of Service**
Return of Service of Summons upon OFallon Casting Company; Electronic Filing Certificate of Service.
  **Filed By:** RYAN P SCHELLERT
  **On Behalf Of:** ASHLEY GONZALES

**11/23/2020** ☐ **Order - Special Process Server**
Associated Entries: 11/20/2020 - **Motion Special Process Server**  ⊞

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-2129, for O'FALLON CASTING COMPANY. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. PCW

**11/20/2020** ☐ **Filing Info Sheet eFiling**
  **Filed By:** RYAN P SCHELLERT

☐ **Motion Special Process Server**
Request for Appointment of SPS.
  **Filed By:** RYAN P SCHELLERT
  Associated Entries: 11/23/2020 - **Order - Special Process Server**

☐ **Pet Filed in Circuit Ct**
Petition.
  **On Behalf Of:** ASHLEY GONZALES

☐ **Judge Assigned**

---

Case.net Version 5.14.12     **Return to Top of Page**     Released 11/10/2020